UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMIAH HUDSON, JR.,

    Plaintiff,

v.                                        Case No. 8:22-cv-1310-KKM-AEP

CHRISTOPHER D. MOODY,
TAYLOR DUPONT, ADDISON
GRAY DAVIS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the court on Plaintiff's Motion to proceed *in forma pauperis* (Doc. 4). Previously, Plaintiff, who proceeds *pro se*, filed a Complaint (Doc. 1) and moved to proceed *in forma pauperis* (Doc. 2). The undersigned denied Plaintiff's motion, giving Plaintiff leave to file an amended complaint that set forth a factual basis for the Court's jurisdiction, for the claims, and for the relief requested and to file a renewed request to proceed without prepayment of fees and costs (Doc. 3). Since then, Plaintiff filed the Amended Complaint (Doc. 5) and once again moved to proceed *in forma pauperis* (Doc. 4). However, the Amended Complaint suffers from the same, if not more, deficiencies as the original Complaint.

Pursuant to 28 U.S.C. § 1914, the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court to pay a filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, however, a court may, upon a

finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).

When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (*per curiam*) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citation omitted). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Further, an action is frivolous where the allegations lack an arguable basis either in law or in fact. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (*per curiam*) (citations omitted).

District courts maintain broad discretion in determining whether to grant or deny an application to proceed *in forma pauperis*. *See Pace v. Evans*, 709 F.2d 1428,

1429 (11th Cir. 1983) (*per curiam*). Additionally, in reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally.[1] *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

Here, Plaintiff's Amended Complaint suffers from several deficiencies. Most notably, Plaintiff has failed to address any of the deficiencies outlined by the undersigned when denying Plaintiff's previous motion to proceed *in forma pauperis* and dismissing the Complaint without prejudice. Plaintiff's Amended Complaint names Christopher Ryan Moody, Taylor DuPont, and Addison Gray Davis as defendants, however, fails to assert any basis for jurisdiction (Doc. 5 at 2-3). Instead, Plaintiff writes "see attached case already filed" under the in the pro se complaint form (Doc. 5 at 3). Under the "Amount in Controversy" section of the form,

---

[1] Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* in this District must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Plaintiff writes: "These criminal violations have been active since 2018, and the property taken is flesh and blood people and the damages are great for taking a man's daughter for no cause criminal or civil, no contract, and no jurisdiction whatsoever!" (Doc. 5, at 4). Plaintiff also cites to an "attached defaulted judgement" as the statement of claim and an "attached affidavit of obligation commercial lien" as the request for relief (Doc. 5, at 4). However, there are no attachments to the Amended Complaint that provide any guidance as to the claims raised by Plaintiff. Rather, there is a UPS delivery confirmation (Doc. 5, at 6), a summary of "Maxims of Law" (Doc. 5, at 7-10), a highlighted printout of the Amendments to the U.S. Constitution (Doc. 5, at 11-13), an "Affidavit of Truth" regarding Plaintiff's assertion of being a "freeborn Sovereign" (Doc. 5, at 14-22), and what appears to be commentary of what constitutes a "court of record" (Doc. 5, at 23-26). Attached to the Motion to proceed *in forma pauperis* (Doc. 4), Plaintiff includes an "Affidavit of Truth and Fact" where he alleges that Defendant Davis has violated contract law, the Constitution, and "the laws of maxims" by allowing the Hillsborough County Sherriff's Office to "interrogate, kidnap, and terrorize" his family (Doc. 4, at 6). Plaintiff alleges he was under contract with an elementary school for his daughter to attend that school (Doc. 4, at 6). Plaintiff alleges that he did not authorize "any of this criminal activity by the Hillsborough County School Board the damages are $200,000 dollars a child, a month, for 3 ½ yrs. which is 16.8 million U.S. dollars for (BREACH OF CONTRACT AND ADMINISTERING MY PROPERTY AND VIOLATION OF THE CONSTITUTION)!" (Doc. 4, at 6).

Plaintiff's Amended Complaint lacks sufficient facts from which a cognizable federal cause of action can be inferred, and his allegations appear baseless, delusional, and without an arguable basis either in law or in fact. Plaintiff's Amended Complaint does not contain factual allegations providing the Court with enough information to determine whether the Court may maintain jurisdiction over this matter or whether Plaintiff can state a viable claim.

With respect to jurisdiction, Plaintiff fails to properly allege that the claims arise under federal question jurisdiction resulting from actions violating any provision of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In the only allegation in the Amended Complaint, Plaintiff alleges that "[t]hese criminal violations have been active since 2018, and the property taken is flesh and blood people and the damages are great for taking a man's daughter for no cause criminal or civil, no contract, and no jurisdiction whatsoever!" (Doc. 5, at 4). However, Plaintiff fails to indicate what "criminal violations" he is referring to. To the extent that Plaintiff attempts to allege a violation under 18 U.S.C. § 241, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "The government, not private citizens, prosecutes crimes." *Williams v. Univ. of Ala. Hosp. at Birmingham*, 353 F. App'x 397, 398 (11th Cir. 2009); *cf. Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution"). Accordingly, Plaintiff lacks standing to bring claims under and cannot establish jurisdiction based upon criminal statutes. *See Gibson v. Gains*,

No. 05-15997, 2006 WL 858336, at *3 (11th Cir. Apr. 4, 2006) ("Therefore, to the extent that Gibson raises criminal allegations against the defendants, Gibson lacks standing to raise such claims and the district court properly dismissed them.").

Similarly to the original Complaint, Plaintiff makes reference to someone taking his daughter, or not being able to see his daughter. Even if considering the "affidavit of truth and fact" attached to the motion to proceed *in forma pauperis*, Plaintiff's allegations appear baseless, delusional, and without an arguable basis either in law or in fact. Plaintiff makes general references to the United States Constitution which are difficult to ascertain. As the Supreme Court recognizes, the integrity of the family unit has found protection in both the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment, and a parent's interest in retaining custody of his children is cognizable and substantial. *Stanley v. Illinois*, 405 U.S. 645, 651-52 (1972); *see also Troxel v. Granville*, 530 U.S. 57, 66 (2000) ("In light of this extensive precedent, it cannot now be doubted that the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children."). Notwithstanding, the Fourteenth Amendment provides that no *State* shall deprive any person of life, liberty, or property without due process of law nor deny any person equal protection under the law. U.S. Const. amend. XIV, § 1 (emphasis added). As noted in the undersigned's previous Order, Plaintiff fails to allege any state action relating to his dispute that would bring his claims within the purview of the Fourteenth Amendment. *See Lehr v. Robertson*, 463 U.S. 248, 256 (1983) ("The

Fourteenth Amendment provides that no State shall deprive any person of life, liberty, or property without due process of law. When that Clause is invoked in a novel context, it is our practice to begin the inquiry with a determination of the precise nature of the private interest that is threatened by the State."); *Lugar v. Edmonsdon Oil Co., Inc.*, 457 U.S. 922, 924, 936 (1982) ("Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as state action. … As a matter of substantive constitutional law[,] the state-action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments") (citations and internal quotation marks omitted); *see, generally, Jeffries v Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982) ("It is well settled that the fourteenth amendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities."). Given such deficiencies, it is unclear whether Plaintiff can establish jurisdiction to proceed with his claims in this Court.

The allegations in the Amended Complaint also fail to contain sufficient allegations to demonstrate whether Plaintiff can assert a viable claim in this action. Plaintiff provides no facts on what kind of contract he entered with the school, or of a child custody decree that would entitle him to visitation or custody of his child or precludes Defendants from interacting with the child nor references any state judicial proceedings relating to the custody of his child. Plaintiff also fails to allege

any international or interstate movement of the child by Defendants, competing child custody decrees from separate jurisdictions, or that Defendants poses an imminent risk of serious physical harm or is likely to remove the child from Florida, which could bring his claims within, for example, the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention"), Oct. 25, 1980, T.I.A.S. No. 11670, *available at* 1988 WL 411501, and its implementing legislation, the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001-9011. Simply stated, nothing in the Amended Complaint gives rise to a viable federal claim, and the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *See Iqbal*, 556 U.S. at 678.

To the extent that Plaintiff attempts to incorporate the allegations of the original Complaint into the Amended Complaint, such action is improper as an amended complaint supersedes the original complaint, and thus becomes the active pleading in the case. *See Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (citation and quotation marks omitted). Even so, that would not cure the deficiencies in the Amended Complaint.

Even after an opportunity to amend, Plaintiff's Amended Complaint remains rife with procedural and substantive defects making it impossible, even under the lenient standard afforded to *pro se* litigants, for the Court to decipher

Plaintiff's claims. Any further attempts to amend would be futile given Plaintiff's repeated inability to prosecute his case with any level of clarity. Because Plaintiff was given an opportunity to amend his complaint and has failed to heed the court's instructions as to what an amended complaint should contain, the undersigned recommends that the Court dismiss the amended complaint with prejudice.[2]

Accordingly, it is hereby

RECOMMENDED:

1. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 4) be DENIED.

2. Plaintiff's Amended Complaint (Doc. 5) be DISMISSED WITH PREJUDICE.

3. The Clerk be directed to close the case.

IT IS SO REPORTED in Tampa, Florida, this 18th day of August, 2022.

*/s/ Anthony E. Porcelli*
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[2] Rule 15 says that courts "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). Despite this generally permissive approach, a district court need not grant leave to amend where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed"; (2) "allowing amendment would cause undue prejudice to the opposing party"; or (3) the "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:  Hon. Kathryn Kimball Mizelle
     Plaintiff, *pro se*