# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JEREMIAH HUDSON, JR.,

     Plaintiff,

v.                            Case No: 8:22-cv-1310-KKM-AEP

CHRISTOPHER D. MOODY,
TAYLOR DUPONT, & ADDISON
GRAY DAVIS,

     Defendants.

_____

## <u>ORDER</u>

Plaintiff Jeremiah Hudson filed a complaint against three defendants on June 7, 2022. (Doc. 1.) He simultaneously moved to proceed in forma pauperis. (Doc. 2.) After reviewing his application to proceed without paying filing fees and his complaint, the United States Magistrate Judge denied his motion because his complaint failed to state a claim for relief. (Doc. 3.) The Magistrate Judge granted him leave to file an amended complaint and second motion to proceed in forma pauperis. (*Id*.)

On August 18, 2022, the Magistrate Judge entered a Report and Recommendation, recommending that Hudson's second Motion to Proceed In Forma Pauperis (Doc. 4) be denied and his Amended Complaint (Doc. 5) be dismissed for a variety of reasons. (Doc. 6.) Hudson then filed an "order to vacate both of Magistrate Judge Porcelli Orders," which the Court construes as an objection to the Magistrate Judge's Report and Recommendation. (Doc. 7.) Considering the record, the Court adopts the Report and Recommendation for the

reasons stated therein (Doc. 6); denies Hudson's Second Motion to Proceed In Forma Pauperis (Doc. 4); and dismisses Hudson's Amended Complaint (Doc. 5).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to a finding of fact by a magistrate judge, the district court must conduct a de novo review with respect to that factual issue. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). The district court reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

Hudson's "order to vacate" the Magistrate Judge's Report, like his Amended Complaint, is incomprehensible and devoid of any identification of an error, either factual or legal, in the Magistrate Judge's Report. Notwithstanding this, the Court has reviewed de novo the conclusions in the Report and Recommendation and finds no error. As the Magistrate Judge carefully explains, Hudson's Amended Complaint fails to give rise to a viable claim for relief and makes it impossible for the Court to determine whether jurisdiction exists. The Amended Complaint references "attached case already filed" and "attached defaulted judgement" as basis for the Court's jurisdiction and the statement of his claims, but no such attachments exist, leaving the Court only to guess what his claim concerns from the other documents he attached. Therefore, it is due to be dismissed under 28 U.S.C. §1915(e)(2).

Accordingly, the following is **ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. 6) is **ADOPTED** and made part of this Order for all purposes.

2.   Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 4) is **DENIED**.

3.   Plaintiff's Amended Complaint is **DISMISSED** with prejudice.

4.   The Clerk is directed to **TERMINATE** any pending deadlines and **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, on September 8, 2020.

*/s/ William F. Jung*

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record